# JOHN C. GRIMMETT
## v.
# JOHN F. SMITH.

*Landlord and Tenant—Lease—Cancellation of—Agreement to Arbitrate Differences.*

In the case presented the cancellation of a lease was agreed upon. It was further agreed to leave all questions of account to arbitrators, and to abide by their finding, and that the amount found due the tenant should be paid him upon his surrender of possession. The landlord apparently accepted the finding and went into possession but did not pay the amount of the award; this court holds that defendant is estopped from setting up the

defense that the award was void because it did not embrace all matters sub-
mitted, and declines to interfere with the judgment for the plaintiff.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Macoupin County; the
Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. RINAKER & RINAKER, for appellant.

Messrs. ANDERSON & BELL and EDWARD C. KNOTTS, for ap-
pellee.

WALL, P. J.  Grimmett, the appellant, leased a farm of
some 200 acres to Smith, the appellee, by a written agree-
ment, bearing date August 26, 1887, for a term of five years
from the 1st of March next ensuing, at a yearly rental of $3
per acre.

In the year 1890 the parties disagreed, and the appellant
desired to obtain the possession of the land and to cancel the
lease.   Whereupon a written agreement was entered into by
the parties to the effect that appellant was to buy the crops
then growing upon the land, the price to be fixed by arbitra-
tion, and that appellee should surrender possession; that any
sum appellant should owe appellee above the amount due for
rent, should be paid upon surrender of possession; that the
arbitrators should adjust all matters and differences relating to
the lease, and that the parties would abide by the decision of
the arbitrators who were therein named.   The persons selected
as arbitrators met, and in the presence of the parties proceeded
to inspect the crops.   Appellant said he would insist upon
damages from the improper cultivation of the land and for
injury to the buildings and fences, but the arbitrators said they
did not understand they were to consider that item and the
subject of such damages was not again referred to.

An award was then made showing the value of the crops
and the unexpired term to be $500 in excess of the amount
due for rent.   This was presented to the parties, and each in
the presence of the other signified his acquiescence in it and

Grimmett v. Smith.

appellee surrendered possession of the farm to appellant. The sum fixed not having been paid, this suit was brought to recover it. The case was tried by the court without a jury by consent, resulting in a finding and judgment for plaintiff in the sum of $422, from which the defendant appealed to this court.

It is objected, mainly, that the award was void because it did not embrace all matters submitted, the arbitrators having declined to consider any claim for damage in favor of appellant for negligent farming, or injury to buildings and fences.

When the arbitrators announced they would not consider this item, the appellant made no further assertion of it, and when the award was presented, he said nothing in regard to it, but expressed himself as satisfied with the conclusion reached. Not only so, but he suffered the appellee to surrender possession in pursuance thereof. Assuming that the award was deficient in this respect, and that the item was not withdrawn from the consideration of the arbitrators, we think it very clear that the appellant, by accepting possession, waived the objection, and is now estopped to interpose it. Had he then said the award was bad for this reason, and that he would not abide it, he would not have got possession. It was because of the acquiescence of appellant in the award, and his apparent willingness and purpose to pay in pursuance thereof that appellee made the surrender. It would be grossly unjust to allow appellant to take advantage of this action of appellee, and then assert that the award under which appellee acted in good faith, as appellant well knew, was void. It appears that the trial court took the view that the item for damages was withdrawn from the arbitration, and having heard evidence on the subject, allowed a reduction of some $78 on that account, so that the appellant has, by this judgment, received a fair estimate for the same.

We find no cause to interfere with the judgment on any of the errors assigned by the appellant, and it will therefore be affirmed.

*Judgment affirmed.*